**Form 149**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**David W. Shaulis
Cynthia L. Shaulis**
    Debtor(s)

Bankruptcy Case No.: 17–70155–JAD
Issued Per May 26, 2017 Proceeding
Chapter: 13
Docket No.: 28 – 2
Concil. Conf.: November 2, 2017 at 11:00 AM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 28, 2017 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Nov. 2, 2017 at 11:00 AM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

- ☑ H. Additional Terms: The claim of AmeriCredit Financial at Claim No. 1 shall be paid outside the plan by co–debtor daughter.
Only counsel for Johnstown Debtor(s) in the Johnstown area may participate in plan conciliation conferences by telephone. Counsel for the Debtor outside of the Johnstown area may appear telephonically, ONLY IF Counsel for the Debtor is responsible for originating the telephone call to the Chapter 13 Trustee's meeting room by calling, 412–258–3557 at the time designated for the conciliation conference. If applicable as stated above, any party filing an objection to the plan must make arrangements with counsel for the Debtor to be included in the call, utilizing a

third−party conference call service if necessary. The call shall not be placed the Trustee's meeting room until AFTER all parties have been connected to the call. Only the parties who file and serve timely objections will be included in the telephonic hearing.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)* **IT IS FURTHER ORDERED THAT:**

**A.** After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.** Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.** Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.** Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.** The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.** In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: June 8, 2017

<u>Jeffery A. Deller</u>
United States Bankruptcy Judge

cc: All Parties in Interest to be served by Clerk in seven (7) days

```
                             United States Bankruptcy Court
                             Western District of Pennsylvania
In re:                                                                  Case No. 17-70155-JAD
David W. Shaulis                                                        Chapter 13
Cynthia L. Shaulis
        Debtors                       CERTIFICATE OF NOTICE
District/off: 0315-7           User: jhel                   Page 1 of 2                   Date Rcvd: Jun 08, 2017
                               Form ID: 149                 Total Noticed: 24


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 10, 2017.
db/jdb         +David W. Shaulis,    Cynthia L. Shaulis,    799 Woodstown Highway,    Hollsopple, PA 15935-7320
14371889       +ACS/Nelnet Nhlp-iii/tr,    ACS Education Services,    P.O. Box 7051,   Utica, NY 13504-7051
14375425       +AmeriCredit Financial Services, Inc. dba GM Financ,     P O Box 183853,
                 Arlington, TX 76096-3853
14371890        Capital One,    Attn: Bankruptcy,    P.O. Box 30285,   Salt Lake City, UT 84130-0285
14371891       +Collections Unit,    Office of Attorney General,    14th Floor, Strawberry Square,
                 Harrisburg, PA 17120-0001
14371892       +Cortese Associates,    148 Claruth Drive,    Windber, PA 15963-8927
14371896        Department of Education,    Fedloan Servicing,    P.O. Box 530210,   Atlanta, GA 30353-0210
14371897        ECMC,   P.O. Box 64909,    Saint Paul, MN 55164-0909
14371898       +Federal Loan Servicing,    P.O. Box 69184,    Harrisburg, PA 17106-9184
14371899       +Martin M. Dudas, DDS, PC,    538 Vine Street,    Johnstown, PA 15901-2013
14371900        Memorial Medical Center,    P.O. Box 603396,    Charlotte, NC 28260-3396
14371901       +Mr. Muffler Inc.,    1022 Scalp Avenue,    Johnstown, PA 15904-3035
14391631        NELNET EDUCATION FUNDING TRUST on behalf of,     Educational Credit Management,    Corporation/VA,
                 Educational Credit Management,    Corporation,    PO BOX 16408, St. Paul, MN 55116-0408
14371902       +Penn Credit Corporation,    Attn: Bankruptcy,    P.O. Box 988,   Harrisburg, PA 17108-0988
14371906       +Select Portfolio Servicing, Inc.,    Attn: Bankruptcy Department,    P.O. Box 65250,
                 Salt Lake City, UT 84165-0250
14371905        Select Portfolio Servicing, Inc.,    P.O. Box 65450,   Salt Lake City, UT 84165-0450
14396700        US DEPARTMENT OF EDUCATION,    CLAIMS FILING UNIT,    PO BOX 8973,   MADISON WI 53708-8973
14371907       +US Dept of Ed/Great Lakes,    Higher Education,    Attn: Bankruptcy,   2401 International Lane,
                 Madison, WI 53704-3121

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14371889       +E-mail/Text: bknotices@conduent.com Jun 09 2017 00:43:13      ACS/Nelnet Nhlp-iii/tr,
                 ACS Education Services,    P.O. Box 7051,   Utica, NY 13504-7051
14371894        E-mail/Text: hariasdiaz@creditmanagementcompany.com Jun 09 2017 00:42:56
                 Credit Management Company,    2121 Noblestown Road,    P.O. Box 16346,
                 Pittsburgh, PA 15242-0346
14371893       +E-mail/Text: hariasdiaz@creditmanagementcompany.com Jun 09 2017 00:42:56
                 Credit Management Company,    Attn: Bankruptcy,    2121 Noblestown Road,
                 Pittsburgh, PA 15205-3956
14371895        E-mail/PDF: creditonebknotifications@resurgent.com Jun 09 2017 00:34:44      Credit One Bank,
                 Attn: Bankruptcy,    P.O. Box 98873,   Las Vegas, NV 89193-8873
14519331        E-mail/PDF: resurgentbknotifications@resurgent.com Jun 09 2017 00:34:45
                 LVNV Funding, LLC its successors and assigns as,     assignee of FNBM, LLC,
                 Resurgent Capital Services,    PO Box 10587,   Greenville, SC 29603-0587
14371903        E-mail/Text: blegal@phfa.org Jun 09 2017 00:42:45      PHFA- HEMAP,    211 North Front Street,
                 P.O. Box 15530,    Harrisburg, PA 17105-5530
14371904        E-mail/Text: blegal@phfa.org Jun 09 2017 00:42:45      PHFA-HEMAP,    211 North Front Street,
                 P.O. Box 15206,    Harrisburg, PA 17105-5206
                                                                                             TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              U.S. Bank, National Association, as Trustee, as su
cr*            +Americredit Financial Services, Inc. dba GM Financ,     PO Box 183853,   Arlington, TX 76096-3853
14379924*      +AmeriCredit Financial Services, Inc. dba GM Financ,     P O Box 183853,
                 Arlington, TX 76096-3853
                                                                                            TOTALS: 1, * 2, ## 0

Addresses marked ’+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.



I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary’s privacy policies.

Date: Jun 10, 2017                             Signature:  /s/Joseph Speetjens
```

```
District/off: 0315-7          User: jhel              Page 2 of 2            Date Rcvd: Jun 08, 2017
                              Form ID: 149            Total Noticed: 24
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 8, 2017 at the address(es) listed below:
              James   Warmbrodt    on behalf of Creditor    U.S. Bank, National Association, as Trustee, as
               successor-in-interest to Bank of America, N.A., as successor to LaSalle Bank National
               Association, as Trustee for EMC Mortgage Loan Trust 2005-A, Mortga bkgroup@kmllawgroup.com
              Jon A. McKechnie    on behalf of Joint Debtor Cynthia L. Shaulis jmckechnie@shepleylaw.com,
               bk@shepleylaw.com
              Jon A. McKechnie    on behalf of Debtor David W. Shaulis jmckechnie@shepleylaw.com,
               bk@shepleylaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              William E. Craig    on behalf of Creditor    Americredit Financial Services, Inc. dba GM Financial
               mortonlaw.bcraig@verizon.net, donnal@mortoncraig.com;mhazlett@mortoncraig.com
                                                                                             TOTAL: 6
```